UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANKLIN BALMORE RIVERA
HENRIQUEZ (A249-227-563),

        Petitioner,

  v.

WARDEN OF THE GOLDEN STATE
ANNEX,

        Respondent.

No.  1:26-cv-03992-DAD-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.      Factual and Procedural History**

Petitioner is a native and citizen of El Salvador who came to the United States on or about January 27, 2024.  ECF No. 7-1 at 2 (Record of Deportable/Inadmissible Noncitizen).  Customs and Border Protection apprehended him on the same day and released him on his own recognizance after serving him with a Notice to Appear in immigration court.  ECF No. 7-2.  Over two years later, on April 30, 2026, Immigration and Customs Enforcement ("ICE") took Petitioner into custody at the Dallas County Jail following his arrest for DWI.  ECF No. 7-1 at 3.  Petitioner remains in ICE custody at the Golden State Annex located in this judicial district.  ECF No. 1.

1

Respondent contends that Petitioner is subject to mandatory detention as an "applicant for admission" pursuant to 8 U.S.C. § 1225(b)(2) until the conclusion of his removal proceedings. ECF No. 7. According to Respondent, no pre-deprivation hearing was required as a statutory matter before Petitioner was re-detained by ICE because his arrest by local law enforcement constituted a change in circumstances. ECF No. 7 at 4.

No neutral decisionmaker has determined that Petitioner is now dangerous or poses a risk of flight that would justify his detention, and Respondent has taken the position that no such hearing is required. The question in this case, as in many others that have come before this Court, is whether Petitioner's re-detention without such a pre-deprivation hearing violated his Fifth Amendment right to due process.

**II.    Analysis**

Petitioner is a noncitizen who has been present in the United States for over two years. As a person inside the United States, petitioner is entitled to the protections of the Due Process Clause. See Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

In determining whether Petitioner has a protected liberty interest, the Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued freedom from confinement. See Morrissey v. Brewer, 408 U.S. 471, 482 (1972) (finding a parolee had an interest in his continued liberty); Young v.Harper, 520 U.S. 143, 150 (1997) (applying Morrissey to pre-parole release); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (finding probationers have a liberty interest). Therefore, the undersigned finds that petitioner acquired a liberty interest in his continued

2

freedom based on ICE's decision to release him in 2024.  See Doe v. Becerra, 787 F.Supp.3d 1083, 1093 (E.D. Cal. 2025).

Next, the court applies Mathews v. Eldridge, 424 U.S. 319, 334-335 (1976), to determine what process is due to Petitioner based on his protected liberty interest.  Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include.  Mathews, 424 U.S. at 335.

As to the first factor, there is no doubt that Petitioner has a substantial private interest in remaining free from custody.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  Zadvydas, 533 U.S. at 690.  It appears from the record that Petitioner was originally released on his own recognizance in 2024.  Based on this over two year time period in which Petitioner has been at liberty, the undersigned finds that the first Mathews factor tilts in Petitioner's favor.

Next, the risk of erroneous deprivation is considerable in this case.  Petitioner was previously released from immigration custody on his own recognizance.  Respondent argues that there has been a change in circumstances based on Petitioner's pending misdemeanor charge. However, according to Respondent, Petitioner is not entitled to any additional process for determining whether the asserted change in circumstances—the new charge—renders Petitioner a danger or a flight risk.  Crediting that position could result in arbitrary detention untethered from its asserted purposes.  There is no evidence in the record nor argument from Respondent demonstrating any urgency to protect the public or prevent Petitioner's imminent flight based on his misdemeanor arrest.  Therefore, the undersigned concludes that the risk of an erroneous deprivation of liberty here is considerable where no hearing has been provided to Petitioner to allow a neutral arbiter to determine whether he constitutes a danger or flight risk.  See Guillermo M. R. v. Kaiser, 791 F.Supp.3d 1021, 1035 (N.D. Cal. July 17, 2025) ("allowing a neutral arbiter to review [these] facts would significantly reduce the risk of erroneous deprivation").  Thus, the second Mathews factor tilts in petitioner's favor.

3

The third factor in the court's analysis is the government's interest including any fiscal or administrative burden that would result from additional process. Although it has often been recognized that the government has a strong interest in enforcing immigration laws, the effort and cost required to provide Petitioner with procedural safeguards are minimal. See Garcia v. Andrews, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). "The government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017); see also R.D.T.M. v. Wofford, No. 1:25-cv-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025) ("Civil immigration detention, which is nonpunitive in purpose and effect is justified when a noncitizen presents a risk of flight or danger to the community.") (cleaned up). "If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).

Having weighed the above Mathews factors, the undersigned concludes that Petitioner had a Fifth Amendment due process right to a pre-deprivation hearing before he was re-detained. See J.L. R.P. v. Wofford, No. 1:25-cv-01464-KES-SKO (HC), 2025 WL 3190589, at *9-10 (E.D. Cal. Nov. 14, 2025); Huang v. Albarran, No. 1:25-cv-01308-JLT-EPG, 2026 WL 279888 (E.D. Cal. Feb. 3, 2026) (granting motion to reconsider and motion for a preliminary injunction finding that petitioner is likely to succeed on the merits of a due process challenge to his redetention without a pre-deprivation hearing after being released on OSUP); Alva v. Kaiser, No. 25-cv-06676-RFL, 2025 WL 2419262, *4-6 (N.D. Cal. Aug. 21, 2025) (granting preliminary injunction based on petitioner's likelihood of success on due process claim that he was entitled to a pre-deprivation hearing before an immigration judge prior to his redetention). The remedy for the Constitutional violation in this case is Petitioner's immediate release from immigration detention. See Arzate v. Andrews, No. 1:25-cv-00942-KES-SKO (HC), 2025 WL 2230521, at *7 (E.D. Cal. Aug. 4, 2025), converted to preliminary injunction sub nom, 2025 WL 2411010, at *1 (E.D. Cal. Aug. 20, 2025) (ordering immediate release for non-citizen who was redetained absent a pre-

4

deprivation hearing despite a misdemeanor arrest while in the ATD program).

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to proceed in forma pauperis (ECF No. 3) is granted.

2. Petitioner's motion for the appointment of counsel (ECF No. 2) is denied as moot in light of the recommendation to grant petitioner's habeas corpus application.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner Franklin Balmore Rivera Henriquez (A249-227-563).

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. The Clerk be directed to serve the Golden State Annex with any order of release issued in this case.

6. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets

the maximum objection period and not the minimum); <u>see</u> <u>also</u> Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 16, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE