UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN BALMORE RIVERA HENRIQUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX, et al.,<br><br>Respondents. | No. 1:26-cv-03992-DAD-SCR<br><br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WIRT OF *HABEAS CORPUS*<br><br>(Doc. Nos. 1, 8) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 17, 2026, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for writ of *habeas corpus* (Doc. No. 1) be granted.  (Doc. No. 8.)  Specifically, the magistrate judge found that petitioner obtained a liberty interest in his continued release following his initial release from immigration detention, that his re-detention absent notice and a hearing violates due process, and that the appropriate remedy is his immediate release.  (*Id.* at 2–5.)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within three (3) days after service.  (*Id.* at 5–6.)

1

On June 19, 2026, respondents filed objections to the pending findings and recommendations. (Doc. No. 9.) Therein, respondents argue that petitioner's detention is properly governed by 8 U.S.C. § 1225(b) (*Id.* at 1), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents also argue that, even assuming petitioner is being detained pursuant to § 1226(a), his detention is lawful, such that the appropriate remedy is the granting of a bond hearing, not immediate release. (Doc. No. 9 at 1–2.) However, this general objection does not meaningfully address the magistrate judge's determination that the remedy for the "constitutional violation" in this case is petitioner's immediate release. (*See* Doc. No. 8 at 4.) Accordingly, respondents' objections do not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1.    The findings and recommendations filed on June 17, 2026 (Doc. No. 8) are ADOPTED IN FULL;

2.    Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ORDERED to immediately release petitioner Franklin Balmore Rivera Henriquez, A-File No. 249-227-563, from respondents' custody and to return petitioner's property;

    b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner no less than seven (7) days notice and a pre-detention hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;

2

3.     The Clerk of Court is directed to serve the Golden State Annex with a copy of this order; and

4.     The Clerk of Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:   **June 22, 2026**                            _____
                                                      DALE A. DROZD
                                                      UNITED STATES DISTRICT JUDGE